In re CARLA CHARCOAL, INC., Debtor.

Bankruptcy No. 581–00117–S.

United States Bankruptcy Court,
W. D. Louisiana.

Sept. 28, 1981.

Henry C. Gahagan, Gahagan & Gahagan, Natchitoches, La., for Percy M. Alexander, Jr.

Joseph W. Milner, Shreveport, La., for The First Nat. Bank of Shreveport.

John F. Simon, Gold, Little, Simon, Weems & Bruser, Alexandria, La., for The Vernon Bank.

Henley A. Hunter, Eatman & Hunter, Billy Pesnell, Sam J. Friedman, Hargrove, Guyton, Ramey & Barlow, Shreveport, La., for Emerson Elec. Co. Inc.

Fred S. Gahagan, Gahagan & Gahagan, Natchitoches, La., for BEPEX Corp.

Jacob D. Landry, Landry, Watkins & Bonin, New Iberia, La., for Central Louisiana Elec. Co.

Eric R. Harrington, Natchitoches, La., for Norman Elec. Inc.

David Epstein, Tracy Whitaker, William Douglas White, Attys., Civ. Div., Dept. of Justice, Washington, D. C., Frances O. Allen, First Asst. U. S. Atty., W. D. La., Shreveport, La., for the U. S.

## OPINION

LeROY SMALLENBERGER, Bankruptcy Judge.

A hearing was held on oppositions to the Trustee's application to compel an escrow agent to turn over property of the estate, and the related Government motion to dismiss the bankruptcy proceeding, or to order the Trustee to abandon any interest which the estate might have in the escrow or for relief from the automatic stay of 11 U.S.C. § 362(a).

The Trustee's application to compel turn over was dismissed, without prejudice, because the proceedings should have been by adversary proceeding instead of by application.

The Government's motion to dismiss the bankruptcy was denied. Section 707 of the Bankruptcy Code permits dismissal for cause, but the legislative phrasing indicates that granting of dismissals should be strictly limited. The motion to dismiss is based upon the argument that there are no assets for the estate to distribute but this has not been demonstrated and ignores the jurisdiction of this Court to determine all matters relating to property in which the bankrupt has any interest.

The United States' request for abandonment of the assets of the estate was denied.

The Trustee has a responsibility to all creditors, secured and unsecured, to examine the claims of each creditor, determine the validity of these claims and determine whether there is equity for the estate in a particular asset. The Court declines, before the Trustee makes his determination of the validity of all secured creditors' claims, and before all matters to be determined by the Court in connection therewith have been determined, to state that there is no equity for the general estate.[1]

The United States' request that the automatic stay be lifted was denied. According to Bankruptcy Rule 701, any proceeding seeking relief from a stay must be instituted as an adversary proceeding. Moreover, this Court has jurisdiction to determine all matters relating to property in which the bankrupt has an interest and it is in the interest of justice that the matter not be further delayed.

### FINDINGS OF FACT

(1) This proceeding was initiated by an involuntary creditors' petition.

(2) A motion for abstention of jurisdiction pursuant to the provisions of 11 U.S.C. § 305 was filed by the debtor, Carla Charcoal, Inc., on February 24, 1981.

(3) A hearing on the motion for abstention of jurisdiction was held on March 30, 1981, at which time the United States joined with the mover-debtor, Carla, in its request for an abstention of jurisdiction and dismissal of the bankruptcy proceeding.

(4) On April 27, 1981, the motion to abstain from jurisdiction and dismiss, filed by the debtor and joined by the United States, was overruled. The Court adjudicated Carla Charcoal, Inc., a bankrupt.

(5) Schedules were filed in due course and a Trustee appointed.

(6) No evidence was presented at this hearing why the previous action of the Court should be overturned.

(7) No evidence was offered at the hearing to establish the amounts owing parties to the escrow agreement, the security to which they are entitled, the validity of the claimed security, the respective ranks of those with valid security or otherwise bearing upon the propriety or impropriety of this Court retaining jurisdiction and proceeding with its proper functions with respect to the debtor's assets and all inquiries relating thereto.

(8) The funds involved are in escrow with The First National Bank of Shreveport (one of the two largest banks in Shreveport), which has a fiduciary obligation to invest the funds to the best advantage, and the escrow funds cannot be disturbed without further order of this Court.

(9) It is to the best interest of the estate that the funds remain with the escrow agent pending determination of the respective interests of the parties to the escrow agreement and the Trustee.

(10) No evidence was offered to support the Government's statement that it will have inadequate protection in this proceeding.

(11) The monies have been in escrow since December 18, 1980 and the United States Government has made no move to have the respective rights of the parties determined in any Court.

(12) It is to the advantage of all concerned that the respective rights of the parties and of the Trustee be determined as expeditiously as possible.

(13) It will save time and serve the interests of all parties and of the judiciary if this Court proceeds to hear and determine the respective rights of the parties to the escrow agreement and of the Trustee.

### CONCLUSIONS OF LAW

■ (1) The application for turn over filed by the Trustee should be denied as not

---

1. See *Matter of Troy Indus. Catering Service*, 2 B.R. 521 *, (Bkrtcy.Mich.1980), which stands for the proposition that a prebankruptcy seizure does not divest the debtor of all interest in the property.

* 1 C.B.C.2d 321, 5 B.C.D. 1243.

being permissible procedure. Also, it would serve no useful purpose to enter such an order and it should be denied on that ground also.

(2) The funds in controversy are property of the Debtor and this Court has jurisdiction to determine all matters relating thereto, including the rights of the parties thereto, the validity of their respective claims of security, the ranks of their securities and the rights of the Trustee with respect to the funds.

(3) It is to the evident advantage of all concerned that this Court retain jurisdiction and determine these matters and the motions to dismiss, to order the Trustee to abandon and to lift the stay should be denied.

In the interest of justice, this Court should hear and determine all matters relating to these funds as expeditiously as possible, and (upon application of any party at interest) the matter should be fixed for hearing for a convenient time with due notice.

IT IS ORDERED ACCORDINGLY.