**MACON PRESTRESSED CONCRETE COMPANY, Plaintiffs,**

v.

**R. Wayne DUKE, et al., Defendants.**

Misc. Civ. A. No. 85–1–MAC.
Adv. No. 84–5092.

United States District Court,
M.D. Georgia,
Macon Division.

Feb. 11, 1985.

Jerome L. Kaplan, Walter H. Bush, Jr., Macon, Ga., for plaintiffs.

James L. Shores, Jr., John C. Falkenberry, Birmingham, Ala., for defendants.

OWENS, Chief Judge:

On August 24, 1984, Macon Prestressed Concrete Company (MPC), a Georgia corporation, filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. Pursuant to this court's order of reference dated July 13, 1984, *In re United States Bankruptcy Court Jurisdiction* (M.D.Ga. July 17, 1984), the case was referred to the United States Bankruptcy Court for the Middle District of Georgia.

Claims against the estate have been filed by Messrs. R. Wayne Duke and James D. Hutton. Claim number 72 is a claim by Mr. Duke in the amount of $1,550,000.00; claim number 73 is a claim by Mr. Hutton in the amount of $190,312.50. Both claims arise from the sale of Southeastern Porcelain & Construction Co., Inc. (SPC), formerly an Alabama corporation, to MPC. Messrs. Duke and Hutton, the principal shareholders of SPC, agreed to sell their interests in SPC to MPC. MPC executed promissory notes in favor of Duke in the amount of $1,550,000.00, and in favor of Hutton in the amount of $250,000.00.

These notes were secured by a security and escrow agreement dated April 29, 1983, which called for a deposit in escrow of the certificates representing the capital stock of SPC purchased by MPC.

MPC has objected to the claims on these notes, asserting a failure of consideration due to alleged fraud and material misrepresentations by Duke and Hutton during the course of negotiations preceding the sale of SPC. Further, MPC has counterclaimed for a setoff and punitive damages against Duke and Hutton on account of this alleged fraud, recovery of all installment payments on the notes, either as preferential transfers or fraudulent conveyances, and, alternatively, equitable subordination of Duke and Hutton's claims. MPC has demanded a jury trial on its counterclaim.

Duke has filed a motion requesting this court to withdraw the reference of MPC's counterclaim to the bankruptcy court, and seeks a transfer of that claim to the United States District Court for the Northern District of Alabama. Duke asserts that both he and Hutton are residents of the Northern District of Alabama, that the meetings and negotiations concerning the sale of SPC were conducted there, that the parties employed Alabama attorneys and accountants in preparation for the sale, that the purchase agreement was executed in Birmingham, and that many witnesses to the sale reside in Alabama. Duke asserts that the right of both parties to a jury trial on the issue of fraud requires a withdrawal of the claim from the bankruptcy court, and that for the convenience of the parties the issue should be tried in the Northern District of Alabama. MPC and the committee of unsecured creditors object to the motion for withdrawal and transfer.

*Bankruptcy Amendments and Federal Judgeship Act of 1984*

The issues raised in this motion are governed by the recent amendments to the Bankruptcy Code and related jurisdictional statutes. See Public L. No. 98–353, 98 Stat. 333 (enacted July 10, 1984). There is little case law construing this recent legis-

lation. Where the resolution of a bankruptcy matter under title 11 requires an adjudication of a state law claim or cause of action, it seems that the federal court must consider: (1) whether abstention is mandated or advisable under 28 U.S.C.A. § 1334 (West Sept. 1984 Supp.); (2) assuming abstention is not required, whether withdrawal of the reference to the bankruptcy court is required under 28 U.S.C.A. §§ 157(b)(5) or 157(d) (West Sept. 1984 Supp.); and (3) assuming a timely demand for a jury trial on a claim or cause of action to which a right to trail by jury would otherwise apply, whether the bankruptcy court would be authorized to enter a binding, final judgment upon a jury verdict.

*Abstention*

The statute which confers bankruptcy jurisdiction in this court provides, under certain circumstances, for both mandatory and voluntary abstention where adjudication of state law claims or causes of action is required. The statute provides for mandatory abstention in deference to a pending state court action under the following circumstances:

> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court *shall abstain* from hearing such proceeding *if* an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C.A. § 1334(c)(2) (West Sept. 1984 Supp.) (emphasis added). The authority of the court to abstain voluntarily is preserved as well:

> (c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. *Id.* § 1334(c)(1).

■ The resolution of MPC's counterclaim will require an adjudication based upon either Alabama or Georgia law concerning fraud and misrepresentation. An action arising from the sale of SPC has been commenced in the Circuit Court for the Tenth Judicial Circuit of Alabama by Duke against MPC and its officers. While this pending state court action has been stayed because of MPC's petition in bankruptcy, it would seem that the issues asserted in MPC's counterclaim could be resolved in that state court action. Thus, under § 1334(c)(2), abstention would be mandatory *if* MPC's counterclaim could not have been commenced in this federal court absent the court's jurisdiction over title 11 cases. But a separate basis for federal jurisdiction exists in this court, as the parties are citizens of different states. *See* 28 U.S.C.A. § 1332(a)(1) (West 1966). Therefore, abstention is not mandatory under § 1334(c)(2). The court will discuss the factors for and against voluntary abstention under § 1334(c)(1) below.

*Withdrawal of the Reference*

■ Having determined that neither this court nor the bankruptcy court must abstain from ruling upon the state law claims of fraud and misrepresentation, the next question is whether this court, as opposed to the bankruptcy court, must try these claims. This question is governed by 28 U.S.C.A. § 157 (West Sept. 1984 Supp.). First, § 157(b)(5) would require this court to try MPC's counterclaim if it involved personal injury or wrongful death claims. Since it does not, § 157(b)(5) does not mandate withdrawal. Second, if MPC's counterclaim required consideration of "both title 11 and other laws of the United States regulating ... interstate commerce," the second sentence of § 157(d)[1] would man-

---

1. 28 U.S.C.A. § 157(d) (West Sept. 1984 Supp.) provides in full:

■

(d) The district may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely

date withdrawal. Again, as counsel for Duke concedes, this statute does not mandate withdrawal, as only state law issues are raised by MPC's counterclaim. Therefore, the only remaining consideration is the possibility of discretionary withdrawal as provided for in the first sentence of § 157(d). This possibility will be discussed below.

*Jury Trial*

MPC has demanded a jury trial on its counterclaim. Duke suggests that this demand necessitates withdrawal.

■ While there appears to be no express statutory authorization for a bankruptcy court to conduct a jury trial, neither is there a direct prohibition. At least two cases decided since the passage of the 1984 amendments have ruled that a bankruptcy court may conduct a jury trial. *See In re Gibbons Construction, Inc.*, 46 B.R. 193, 12 Bankr.Ct.Dec. (CRR) 463 (E.D.Ky.1984); *In re Smith-Douglass, Inc.*, 43 B.R. 616, 12 Bankr.Ct.Dec. (CRR) 426 (Bankr.E.D.N.C. 1984). Indeed, Bankruptcy Rule 9015 (superseding the previous Emergency Rule on this issue), which governs the procedures for trial by jury in bankruptcy courts, by its very nature assumes that a bankruptcy court may conduct a jury trial. Accordingly, this court concludes that the authority granted to it by 28 U.S.C.A. § 157(a) (West Sept. 1984 Supp.), *i.e.*, the authority to refer "all proceedings ... related to a case under title 11" to the bankruptcy judge, vests the bankruptcy court with the same authority to conduct a jury trial as exists in this court.

■ However, a jury trial in the bankruptcy court would be impractical if the bankruptcy court would lack the authority to enter a binding judgment on the jury's verdict. *See In re Smith-Douglass, Inc.*, 43 B.R. at 618, 12 Bankr.Ct.Dec. (CRR) at 427. Under § 157, a bankruptcy court judgment is binding if it is a judgment

arising from a "core proceeding." If the issue considered is not a core proceeding, absent consent of the parties (see § 157(c)(2)) any judgment by the bankruptcy court—whether as a result of a bench trial or a jury trial—would be only advisory in nature and subject to de novo review in this court. *See* § 157(c)(1). Thus, as noted by the court in *Smith-Douglass*, a district court should withdraw any non-core proceeding to which a right to a jury trial applies, as "[a] party entitled to a jury trial should receive one, not an advisory jury trial in which proposed findings are submitted to the district court." 43 B.R. at 618, 12 Bankr.Ct.Dec. (CRR) at 427.

■ Matters which constitute core proceedings are defined at § 157(b)(2). A core proceeding includes "counterclaims by the estate against persons filing claims against the estate." 28 U.S.C.A. § 157(b)(2)(C) (West Sept. 1984 Supp.). MPC's claim is such a counterclaim; it seeks to avoid a substantial portion of Messrs. Duke and Hutton's claims on the promissory notes by attacking the enforceability of those notes. It is intimately connected with property of the estate, and certainly constitutes a "core proceeding" in MPC's bankruptcy action. Therefore, the bankruptcy court would be authorized to enter a binding judgment upon a jury's verdict. Withdrawal is not required on account of the prospect of a jury trial in the bankruptcy court.

CONCLUSION

The court has determined that abstention is not required in this action, nor is withdrawal of the reference mandatory. The court must now consider whether voluntary abstention, in deference to the pending action in the Alabama state court, should be observed under § 1334(c)(1), or whether a discretionary withdrawal of the reference under § 157(d) and a change of venue pursuant to 28 U.S.C.A. § 1412 (West Sept.

---

` motion of any part, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding

requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

1984 Supp.) should be made for the convenience of the parties.

 Voluntary abstention should be considered where the debtor's estate acquires the right to prosecute an unliquidated claim based upon a transaction totally unrelated to the debtor's financial affairs, such as a claim arising from personal injury, wrongful death, or a division of marital property upon divorce. Such claims ordinarily would be tried in a state court, but, because of the fortuitous circumstance of a pending bankruptcy action, are swept into the jurisdiction of an article I bankruptcy court because of the expansive definition of "property of the estate" as set forth in 11 U.S.C.A. § 541 (West 1979). It was these types of claims which obviously contributed to the Supreme Court's concern in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

 MPC's counterclaim, however, is intimately connected with MPC's petition for reorganization. MPC acquired SPC as a business asset. SPC could constitute substantial property of the estate, and MPC's liability on its notes to Duke and Hutton certainly constitutes a substantial portion of MPC's business debt. The rights of the parties with respect to the sale of SPC, though controlled by state law, present issues which should be tried in one court having jurisdiction over MPC's business affairs. Voluntary abstention is not warranted in this case.

 The only remaining issue is Duke and Hutton's claim that, for the convenience of the parties, the counterclaim should be transferred to the Northern District of Alabama. Again, the court is convinced that all of the issues concerning MPC's affairs should be tried in one court. The committee of unsecured creditors objects to a transfer, as does MPC. If the claim is transferred, key employees of MPC would have to devote substantial time to litigation away from their place of business, thereby decreasing the likelihood of a successful reorganization, to the detriment

of MPC and its unsecured creditors. Similarly, additional legal expense would be incurred, again to the detriment of the estate. The bankruptcy court in Macon is most familiar with the case, and is best suited to resolve the bankruptcy action promptly and in its entirety, which is in the best interest of all concerned. Accordingly, the court is unpersuaded that a withdrawal and transfer of MPC's counterclaim is advisable.

For all of the foregoing reasons, the motion to withdraw the reference of MPC's counterclaim to the bankruptcy court, and to transfer the same to the United States District Court for the Northern District of Alabama, is hereby DENIED.