In re David TURNER, Patricia M. Turner, Debtors.

David TURNER and Patricia M. Turner, Plaintiffs,

v.

Steve W. FERRIN and Debra A. Ferrin, Defendants.

Bankruptcy No. 86–40149.
Adv. No. 486/0062.

United States Bankruptcy Court, D. Montana.

Feb. 25, 1987.

J.B. Wheatcroft, Miles City, Mont., for plaintiffs.

Charles W. Hingle, Billings, Mont., for defendants.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

At Butte in said District this 25th day of February, 1987.

On October 3, 1986, the Plaintiff Debtors filed an adversary complaint against the Defendants Ferrin seeking rescission of a Contract For Deed executed by the parties on October 12, 1982. In that contract, the complaint alleges the Debtors agreed to purchase real property from the Defendants for $230,000.00 and after a report by a registered land surveyor, the Debtors allege the survey disclosed the Warranty Deed and contract land description were in error, in that the number of acres actually owned as opposed to those purportedly conveyed were substantially less in acres. In addition the Plaintiffs contend the land is burdened with a highway easement, not disclosed in the property description. As a result, the Debtors contend the Warranty Deed cannot be recorded, the title is unmerchantable and the parties should be restored to their position before sale, less reasonable rental due the Defendants.

In response to the complaint, the Defendants filed a motion for mandatory abstention and remand to the state district court on the basis that there is presently pending in such court an action for declaratory judgment involving the same parties, which has been partially litigated on an issue of equitable mortgage rights of the Debtors. The state court on March 4, 1986, granted a summary judgment motion of Ferrins, and

allowed the Debtors 15 days to amend the complaint to allege other issues, such as rescission, not involved in the summary judgment decision. On March 19, 1986, the Debtors filed their voluntary Chapter 11 proceeding, and have now proceeded with the above described adversary proceeding for rescission in this Court. In opposing the motion for abstention, the Plaintiffs state that the facts which form the basis of the present rescission action concerning sale of lesser acreage than described in the deed was not established by survey until after the filing of the Chapter 11 proceeding. It is clear that the ability of the Debtors to reorganize their business affairs is directly related to their success in the rescission action.

Plaintiffs' contend jurisdiction of the court rests on the basis that it is a core proceeding in the nature of a counterclaim against the claim of the Defendants, which can only be timely adjudicated in this forum. Plaintiffs rely on *In Re DeLorean Motors Co.*, 49 B.R. 900 (Bankr.S.D.Mich. 1985), which holds that a state law cause of action arising under or in a case under Title 11 and demonstrated to effect the estate is a core proceeding under Section 28 U.S.C. 157(b)(2)(0).

On the other side of the coin, Defendants now argue the action for rescission is not a core proceeding, but rather is a purely state law contract claim, which can and should be litigated in the pending state court action. Defendants rely on *In Re Castlerock Properties*, 781 F.2d 159 (9th Cir.1986), and other cases, which hold that state law contract claims are "related proceedings" which should be adjudicated by state court or an Article III federal court in order to preserve the dictates of *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

■ This Court derives its jurisdiction from 28 U.S.C. § 157 and § 1334(a) and (b). Section 1334(a) grants original and exclusive jurisdiction to the district courts over cases under Title 11. Section 1334(b) grants the district court original but non-

exclusive jurisdiction over cases "arising under" Title 11, "arising in" a Title 11 case, and proceedings "related to" a case under Title 11. By Standard Order 12 (Revised) of the United States District Court (May 24, 1985), all matters set forth in 1334(a) and (b) have been referred by a general order of reference to the Bankruptcy Judge of this district [subject to the right of the district court to withdraw the reference on its own motion or motion of a party in interest pursuant to 28 U.S.C. § 157(d)]. Section 157 treats bankruptcy matters as "core" or "non-core" proceedings. Core proceedings may be decided by the Bankruptcy Judge subject to appeal under the "clearly erroneous" standard. 28 U.S.C. 157(b)(1). Non-core proceedings are those which are "related to" a Title 11 proceeding but do not "arise in" or "arise under" the bankruptcy case. While the Bankruptcy Court has jurisdiction over such non-core matters, it may not issue a dispositive order but only findings of fact and conclusions of law, which are subject to *de novo* review. 28 U.S.C. 157(c)(1). The Bankruptcy Judge may hear and enter final orders in a non-core case where the parties consent, either expressly or impliedly. *Commodity Futures Trading Commission v. Schor*, —— U.S. ——, 106 S.Ct. 3245, 3256–57, 92 L.Ed.2d 675 (1986).

■ Abstention on the other hand, is different in a legal sense from jurisdiction. *In re Elegant Concepts, Inc.*, 61 B.R. 723, 729 (Bankr.E.D.N.Y.1986) states:

" * * * The fact that a matter may be a core proceeding does not preclude abstention where abstention is otherwise appropriate. Equally, that a matter is non-core does not mandate abstention. To put it another way, 28 U.S.C. § 1334 mediates between the state and federal courts, sitting in bankruptcy; 28 U.S.C. § 157 demarcates the area of responsibility between the district and bankruptcy judges. Abstention relates to the entire federal jurisdiction, core and non-core."

Mandatory abstention as distinguished from discretionary, however, applies only in non-core proceedings, while discretionary

abstention applies to both core and non-core matters. *In re Harbour,* 60 B.R. 370 (Bankr.W.D.Va.1985).

■ As to mandatory abstention, which is sought in this case, there are five requirements which must be met to trigger application of 1334(c)(2), namely, (1) the filing of a timely motion; (2) a proceeding based on state law; (3) a proceeding related to a case under Title 11, but not arising under or arising in a case under Title 11; (4) a proceeding which could not have been brought in federal court absent the bankruptcy proceeding [for example, a proceeding based upon diversity of citizenship negates abstention, *Macon Prestressed Concrete Co. v. Duke,* 46 B.R. 727 (D.C.Ga. 1985) ], and (5) the proceeding must be one which is presently pending at the date of the Order of Relief and can be timely adjudicated in state court.

■ In this case the issue on abstention turns on the third and fifth elements. The Plaintiffs argue that this adversary case arises in a Title 11 case because the facts which give rise to the lawsuit were discovered post-petition and the rescission of the contract is inextricably intertwined with the prospects of reorganization. Moreover, the Plaintiff Debtors advance the argument that this case is a core proceeding in the nature of a counter-claim contesting the Proof of Claim filed by Defendant Debtors in this cause. The holding of *State Bank of Lombard v. Chart House, Inc.,* 46 B.R. 468 (N.D.Ill.1985) is particularly appropriate to the present set of facts. In *Lombard,* plaintiff and defendant were creditors of a Chapter 11 debtor. Plaintiff filed its complaint in state court, alleging the defendant had breached an agreement to subordinate one of its loans made by plaintiff. The state court case was removed to the Bankruptcy Court on defendant's petition. Plaintiff then moved to remand under 1334(c)(2). The court held:

> "A district court must abstain from hearing a purely state law claim where there is no other basis for federal jurisdiction other than its relatedness to a bankruptcy proceeding (including where the debtor is a party) and where the claim can be timely adjudicated in state court." *Id.* at 472.

The case of *In re Sweeney,* 49 B.R. 1008, 1010 (Bankr.N.D.Ill.1985), by the same district court, is also instructive:

> "The clearest case for abstention under *Northern Pipeline* and cases interpreting § 1334(c)(1)[1] is one in which two parties have a dispute under state law and a potential judgment from the state court will be the basis for a defense against a claim in a bankruptcy proceeding. The Supreme Court in *Northern Pipeline* saw this type of case as presenting the greatest friction between the necessity of Bankruptcy Judges adjudicating claims and the guarantee of Article III of the Constitution, i.e., that only Article III judges would adjudicate cases based purely on state law. This type of case is distinguished from issues involving recovery of a preference, setting aside a fraudulent conveyance, objection to a discharge or modification of an automatic stay."

Such language comports with the language of *Thomas v. Union Carbide Agricultural Products Co.,* 473 U.S. 568, 584, 105 S.Ct. 3325, 3334–35, 87 L.Ed.2d 409, 422 (1985):

> "[T]he court's holding in [Northern Pipeline] establishes only that Congress may not vest in a non-article III court the power to adjudicate, render final judgment and issue binding orders in a traditional contract action arising under state law, without consent of the litigants, and subject only to ordinary appellant review."

Such holding further comports with the admonition of the Ninth Circuit Court of Appeals in *In re Castlerock Properties, Inc.,* supra. I am not unmindful of the holdings of *In re DeLorean Motors Co.,*

---

1. The Court held the interpretation of 1334(c)(2) should likewise apply to 1334(c)(1).

supra, as well as *In re I.A. Durbin, Inc.,* 62 B.R. 139 (D.C.S.D.Fla.1986) and *Macon Prestressed Concrete Co. v. Duke,* 46 B.R. 727 (Bankr.M.D.Ga.1985), (the courts not following the *Marathon* reasoning would find *Durbin's* counterclaim to be a core proceeding under 28 U.S.C. Section 157(b)(2)(C) because it is a counter-claim against a claim filed against the state). In certain cases, where the issues of a post-petition action may involve application of state law, the action may still be a core proceeding. I do not find such overwhelming facts in this case. In other words, the matter can and should be resolved in state court, and from that action, will spring whatever Plan of Reorganization can be feasibly proposed by the Debtors.

■ As to the fifth element, the state court action was begun and was pending by the Plaintiffs against the Defendants pre-petition. The Plaintiff Debtors are now in a position to amend their pleading in state court to seek full recovery under the state law doctrine of rescission. I hold the action can be timely adjudicated in state court as it is a judge case only, being one in equity. *In Matter of Broughton,* 49 B.R. 312, 315 (Bankr.N.D.Ill.1985) and 60 B.R. 373 (D.C.Ill.1986); *In re Illinois-California Express, Inc.,* 50 B.R. 232, 240 (Bankr. Colo.1985). While some argument could be made that the specific count for relief based on rescission was not pending at the date of bankruptcy, such position is splitting hairs in a case where the Plaintiffs had full opportunity to assert such count by amendment before filing the bankruptcy petition. One wonders if the Plaintiffs are merely forum shopping.

■ I conclude that mandatory abstention under Section 28 U.S.C. 1334(c)(2) is required in this cause.

IT IS ORDERED the complaint on file herein is dismissed without prejudice to allow the Plaintiffs to proceed in state district court against the Defendants. This Court abstains from the proceeding.