In re RIVER OAKS HOMES, INC., Debtor.

THIRD NATIONAL BANK IN NASHVILLE, Plaintiff,

v.

RIVER OAKS HOMES, INC., Southtrust Bank of Alabama, N.A., Southtrust Mobile Services, Inc., and General Electric Credit Corporation, Defendants.

Bankruptcy No. 86–06524.
AP No. 86–0769.

United States Bankruptcy Court, N.D. Alabama.

July 23, 1987.

As Amended Sept. 1, 1987.

Harry P. Long and Ronald S. Held, Anniston, Ala., for debtor.

Bradley McLean and Stephen W. Ramp, Nashville, Tenn., for Third Nat. Bank in Nashville.

J. David Dresher, John D. Watson, and Mark P. Williams, Birmingham, Ala., for SouthTrust Bank and SouthTrust Mobile Services.

George T. Lewis, III, Memphis, Tenn., for Gen. Elec. Credit Corp.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER ON MOTIONS TO DISMISS OR IN THE ALTERNATIVE TO DETERMINE THAT PROCEEDING IS NOT A CORE PROCEEDING

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled bankruptcy case was commenced by the filing of an involuntary petition against the debtor, pursuant to the provisions of 11 U.S.C. chapter 11, on August 20, 1986. Relief was ordered by the Court against the debtor under said chapter on September 9, 1986, and the case remains pending under said chapter. The above-styled adversary proceeding was initiated on December 19, 1986. Taking judicial notice of the pleadings and other matters of record in this proceeding, the Court finds the facts pertinent to the motions presently before the Court to be as follows:

1. The complaint filed by Third National Bank in Nashville (hereinafter TNB), the plaintiff in this proceeding, alleges that the debtor/defendant, River Oaks Homes, Inc. (hereinafter River Oaks) is indebted to the plaintiff in the approximate sum of $4,000,-000.00, that said debt is secured by the plaintiff's properly perfected first-priority security interest in all of River Oaks' inventory and accounts receivable, as well as by a purchase-money security interest which River Oaks had in certain mobile home units which it had sold to its subsidiary, Adventure Homes, Inc., which security interest had been assigned by River Oaks to the plaintiff. According to the allegations in TNB's complaint, the defendants SouthTrust Bank of Alabama, N.A. (SouthTrust) and/or SouthTrust Mobile Services, Inc. (SMS), and General Electric Credit Corporation (GECC) willfully and wrongfully converted certain of the mobile home units in which River Oaks and TNB had first-priority security interests. The plaintiff requests a determination by the Court that River Oaks and the plaintiff have nonavoidable first-priority security interests in those mobile home units and the accounts receivable owing by Adventure Homes, Inc. to the debtor which are secured by the

units, and that TNB, as assignee of River Oaks, is entitled to enforce River Oaks' rights under a secured claim with regard to the units. TNB further requests the Court to order SouthTrust, SMS, and GECC to surrender to TNB and account for each of the mobile home units at issue and to enter a judgment against those defendants and in favor of TNB in the amount of any decline in value of the units since the date of the seizure thereof by said defendants, plus incidental costs and damages. Finally, TNB requests the Court to enter a judgment against SouthTrust, SMS, and GECC in the amount of the value of each of the mobile home units seized by each such defendant.

2. River Oaks filed an answer to TNB's complaint in which it admitted certain of the allegations in TNB's complaint. The answer filed by River Oaks stated that said defendant "neither admits nor denies" each of the allegations which was not expressly admitted.

3. Southtrust and SMS filed a pleading which was designated as a "MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO DETERMINE THAT THE PROCEEDING IS NOT A CORE PROCEEDING." A substantively identical pleading was filed on behalf of GECC.

*Conclusions by the Court*

The only claim for relief asserted against River Oaks by TNB is in the nature of a request for a declaratory judgment and is based on the allegations in the complaint to the effect that TNB has a first-priority security interest in the inventory of the debtor and in the accounts receivable, owed by Adventure Homes, Inc. to River Oaks, which are secured by the mobile home units at issue, and that TNB was assigned the purchase-money security interest which River Oaks held in those units. River Oaks has, in effect, admitted these allegations of the plaintiff.[1] Due to the lack of any litigious dispute between TNB and River Oaks, there appears to be no reason to perpetuate the expense to the debtor of continuing as an active participant in this proceeding. On the basis of the debtor's admission of each allegation in the plaintiff's complaint, it appears appropriate for the Court to enter a final judgment in favor of the plaintiff with regard to those claims asserted against the debtor.

Insofar as the claims asserted by the plaintiff against SouthTrust, SMS, and GECC are concerned, the Court concludes that this proceeding is not a core proceeding as set forth in 28 U.S.C. § 157(b)(2), in that the relief sought against those defendants is not such that those claims could not have arisen at law in the absence of title 11. *See, In re American Energy, Inc.,* 50 B.R. 175, 178, 13 B.C.D. 200 (Bankr.D.N.D. 1985). As provided in subsection (b)(3) of section 157, the "bankruptcy judge shall determine ... whether a proceeding is a core proceeding."

In essence, a non-core proceeding (excluding personal injury and wrongful death claims) *may be heard* by a bankruptcy judge for purposes of a recommendation to the district court as to findings of fact and conclusions of law.[2] The district court is to enter the final order or judgment, after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo any matters to which a party has timely and specifically objected. A de novo review, presumably, may include a second evidentiary presentation (this time before an "Article III"[3] judge) of the facts relating to the matters to which such objection was made. If the district court deems appropriate, it may refer this type of non-core proceeding to a bankruptcy judge for trial and an appealable determination,[4] provided that all of the parties consent.[5] The motions to have the bankruptcy court dismiss the proceeding or abstain from hearing it preclude a likelihood of such consent by the moving parties.

---

1. *See,* Fed.R.Civ.Pro. 8(b) & (d).

2. See 28 U.S.C. § 157(b)(5) & (c)(1) (Supp.1986).

3. U.S. Const. Art. III, § 1.

4. 28 U.S.C. § 158 (Supp.1986).

5. 28 U.S.C. § 157(c)(2).

It should be noted that the bankruptcy judge is not required to, but *may*, hear such a non-core proceeding as this and propose findings and conclusions. Thus, it may be appropriate—aside from any constitutional or statutory consideration—for the bankruptcy judge not to hear a particular non-core proceeding, although related to a bankruptcy case pending before that judge. For the bankruptcy judge not to hear such a proceeding is clearly appropriate if a valid demand for a jury trial may be made. The possibility of a demand for a jury trial in this proceeding is mentioned in the motion filed for Southtrust and SMS.[6]

The bankruptcy judge here agrees with the doubt raised in *American Energy*, that a bankruptcy judge may conduct a jury trial,[7] despite such a view as that expressed in *Macon Prestressed Concrete Co. v. Duke*, 46 B.R. 727, 12 B.C.D. 1284 (M.D.Ga. 1985).

If a party has a constitutional right to a jury trial of an issue before a judge,[8] this right is not fully satisfied by having the jury trial presided over by a judge whose reexamination of any fact determined by the jury may be reviewed by another judge, not according to the rules of the common law, but by the rules set out in 28 U.S.C. § 157(c)(1). This point goes beyond the speculation expressed in *American Energy* (although I agree) that a bankruptcy judge *not* appointed under Article III of the Constitution may not conduct a jury trial because of the inclusion of such a power in those impermissibly delegated to the non-Article III court, as set out by the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). If a valid "jury demand" is made in this proceeding, the procedure afforded by section 157(c)(1) will not suffice.

In *Macon Prestressed Concrete*,[9] the court, while finding that a bankruptcy judge may conduct a jury trial in this type of proceeding, concluded that such a trial, subject to de novo review, was impractical. If a valid jury demand is made here, it appears that a jury trial before the bankruptcy judge either will be impermissible or will not be practical. Should this issue await that point in the proceeding when it can be determined whether a jury trial must be had,[10] or does this factor tip the scales in a decision on the present motions?

With all issues related to the debtor in possession resolved, this dispute over the mobile homes between creditors of the debtor becomes minimally related to the chapter 11 bankruptcy case. The gist of the proceeding is now a common law action of trover, for conversion of the mobile homes. The bankruptcy process will neither be impeded, expedited, or otherwise affected by the rate of progress or outcome of this litigation. If heard in the bankruptcy court, it is predictable that the determinative facts and issues will be reviewed de novo by the district court. In a proceeding which the bankruptcy judge should hear, to be followed by proposed findings and conclusions, the jury trial issue would not now be mature for consideration. Here, however, it reinforces the conclusion that the bankruptcy judge should direct that a final judgment be entered against the debtor in possession and not hear the dispute between the creditors.

This conclusion does not mean that for some point of "subject matter jurisdiction" as discussed in *American Energy*,[11] the motions to dismiss or abstain should be granted in the form presented. The district court may withdraw the reference of the remaining issues here,[12] which will effect judicial economy in the ultimate resolution of the plaintiff's action and afford a

6. P. 2, ¶ 2.

7. 50 B.R. 175, 181.

8. U.S. Const. amend. VII.

9. 46 B.R. 727, 12 B.C.D. 1284 (M.D.Ga.1985).

10. By the 11th day after service of the last pleading directed to the issue to be tried by the jury, Fed.R.Civ.P. 38(b). See Bankr.R. 9015(b)(1).

11. 50 B.R. 175, 180.

12. 28 U.S.C. § 157(d) (Supp.1986).

suitable forum for a jury trial if that materializes. The Court therefore recommends that the United States District Court for the Northern District of Alabama withdraw its reference of this proceeding to the bankruptcy court, as it appears that the court would have jurisdiction over the subject matter herein, based on diversity of citizenship, or even generally (as I think) under 28 U.S.C. § 1334(b).

### ORDER

Based on the foregoing findings and conclusions, it is ORDERED by the Court as follows:

1. The plaintiff, TNB, is adjudged to have, as against the debtor, River Oaks Homes, Inc., a perfected and enforceable first-priority security interest in the accounts receivable and the inventory of the debtor;

2. TNB, as assignee of the debtor's security interests in the mobile home units set forth in TNB's complaint, may enforce the debtor's rights as a secured creditor with regard to those units;

3. The Court having determined that there is no just reason for delay, the clerk of this Court is authorized and directed to enter a final judgment in favor of the plaintiff against the defendant/debtor, River Oaks Homes, Inc.;

4. The controversy between the plaintiff and the defendants SouthTrust, SMS, and GECC is adjudged to be not a core proceeding;

5. It is recommended that the district court withdraw the reference to the bankruptcy court to hear the controversy presented herein;

6. The two motions are granted to the extent above provided but, otherwise, are denied;

7. The clerk of the bankruptcy court is authorized and directed to forward this proceeding and the file maintained herein to the Clerk of the United States District Court for the Northern District of Alabama; and

8. The clerk shall send a copy of this order through the United States mails to each of the following (which shall be sufficient service and notice hereof): the debtor, counsel for the plaintiff and each of the defendants, and the bankruptcy administrator.