**J. Coleman TIDWELL, Plaintiff,**

v.

**OMNI PETROLEUM, INC.,**
**et al., Defendants.**

Civ. A. Nos. 93–48–4–MAC (WDO), 94–CV–38–1–MAC (WDO) Misc.

United States District Court,
M.D. Georgia,
Macon Division.

Feb. 8, 1994.

Thomas W. Talbot, Macon, GA, for plaintiff.

Jerome Lewis Kaplan and James Peyton Smith, Macon, GA, for defendants.

### ORDER

OWENS, Chief Judge.

Before the court is defendant Lakeside Petroleum, Inc.'s motion to withdraw reference. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

### FACTS

On June 29, 1993, J. Coleman Tidwell, in his capacity as Chapter 7 trustee of Kwickie Food Stores, Inc., filed a "Complaint For Turnover Of Property, To Avoid And Recover Preferential Transfers And Fraudulent Conveyances" against Omni Petroleum, Inc. and Lakeside Petroleum, Inc. ("Lakeside"). The complaint consisted of four counts, which plaintiff contended were all core proceedings. Defendant Lakeside answered the complaint and admitted that counts one, two and three were core proceedings. Lakeside, however, denied that count four was a core proceeding and, therefore, did not consent to the entry of final orders or judgment by the bankruptcy court on count four. In addition, Lakeside demanded a jury trial on all claims asserted by plaintiff.[1]

On July 30, 1993, Lakeside filed in this court a motion to withdraw reference. Because bankruptcy courts are not authorized to conduct jury trials on non-core proceedings, defendant requested that count four be

---

1. Plaintiff has not contested defendant's demand for a jury trial on all claims.

withdrawn from the bankruptcy court so that a jury trial could be conducted. In addition, defendant contends that bankruptcy courts are not authorized to conduct jury trials in core proceedings. Recognizing that this contention is contrary to a prior holding of this court, *see Macon Prestressed Concrete Co. v. Duke,* 46 B.R. 727 (M.D.Ga.1985), defendant asserts that the court should overturn its prior decision and withdraw from the bankruptcy court all counts of the complaint. However, defendant contends that even if this court declines to overturn its prior decision, the court should withdraw the entire proceeding from the bankruptcy court in the interests of judicial economy.

## DISCUSSION

In *Macon Prestressed Concrete Co. v. Duke,* 46 B.R. 727 (M.D.Ga.1985), this court held that bankruptcy courts have the authority to conduct jury trials in core proceedings. *Macon Prestressed,* 46 B.R. at 730. Subsequent to the *Macon Prestressed* decision, however, the Fourth, Sixth, Seventh, Eighth and Tenth Circuits have held that bankruptcy courts do not have the authority to conduct jury trials in core proceedings. *See In re Stansbury Poplar Place, Inc.,* 13 F.3d 122 (4th Cir.1993); *In re Grabill Corp.,* 967 F.2d 1152 (7th Cir.1992); *In re Baker & Getty Financial Services, Inc.,* 954 F.2d 1169 (6th Cir.1992); *In re Kaiser Steel Corp.,* 911 F.2d 380 (10th Cir.1990); *In re United Missouri Bank of Kansas City, N.A.,* 901 F.2d 1449 (8th Cir.1990). The Eleventh Circuit Court of Appeals has yet to address the issue.

This court's holding in *Macon Prestressed* was premised in part on Rule 9015 of the Federal Rules of Bankruptcy Procedure. *See Macon Prestressed,* 46 B.R. at 730 ("Bankruptcy Rule 9015[ ], which governs the procedures for trial by jury in bankruptcy courts, by its very nature assumes that a bankruptcy court may conduct a jury trial"). Rule 9015, however, was abrogated subsequent to the *Macon Prestressed* decision. In light of the abrogation of Rule 9015, and after a careful examination of the authorities set forth above, the court overrules its prior decision in *Macon Prestressed* and now holds that bankruptcy courts do not have the au-

thority to conduct jury trials in core proceedings. Accordingly, defendant's motion to withdraw reference is **GRANTED.**

**SO ORDERED.**