**In re TEXACO INC., Texaco Capital Inc., Texaco Capital N.V., Reorganized Debtors.**

**STATE OF TEXAS, Movant,**

v.

**TEXACO, INC., Respondent.**

**Bankruptcy Nos. 87 B 20142, 87 B 20143, 87 B 20144.**

United States District Court, S.D. New York.

Dec. 27, 1989.

Weil, Gotshal & Manges, New York City, for Texaco Inc.

Jim Mattox, Atty. Gen. of Texas, Mary F. Keller, First Asst. Atty. Gen., Lou McCreary, Executive Asst. Atty. Gen., Larry J. Laurent, Asst. Atty. Gen., Chief, Energy Div., Jose Manuel Rangel, Asst. Atty. Gen., Energy Div., Austin, Tex., for State of Tex.

MEMORANDUM AND ORDER

BRIEANT, Chief Judge.

There is presently before the Court for its consideration the Report and Recommendations of the Honorable Howard Schwartzberg, United States Bankruptcy Judge, dated February 27, 1989, regarding the abstention motion of the State of Texas.

Familiarity of the reader with that report must be assumed. The issue involves whether or not the Bankruptcy Judge should be permitted to resolve the issues tendered in a core proceeding arising out of an amended proof of claim against Texaco, Inc. filed by the State of Texas.

Texas seeks abstention so that it can pursue its pre-petition state court action filed in 1986 against Texaco (*State of Texas v. Texaco, Inc., et al.,* Cause No. 13,021 in the 229th Judicial District of Duval County, Texas. It is clear that the amended proof of claim filed in the Bankruptcy Court against Texaco, Inc. is based in part on the pending Duval County litigation, as well as other unrelated issues.

The Debtor objected to the State's claim in the Bankruptcy Court, and apparently a hearing on the claim has been deferred on consent of all parties.

As pointed out by the Bankruptcy Judge in his Report and Recommendation, Article IV.F.3 of the Plan of Reorganization excludes this disputed claim from its provision to the effect that disputed claims not resolved by the Plan should be liquidated in the judicial tribunals in which they were pending.

Essentially, the Duval County litigation seeks to adjudicate that a lease made in 1922, and regulated by the Texas Relinquishment Act of 1919, TEX.NAT.RES. CODE ANN. § 52.171 *et seq.* (Vernon 1978), was void *ab initio*, or alternatively that it was automatically terminated by operation of law in 1927.

■ It is within the Bankruptcy Court's traditional jurisdiction to determine all matters relating to property in which the debtor has any interest. Since state law creates and defines property interests, the Bankruptcy Court will apply state law to determine the property rights in the assets in the debtor's estate. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1978). The policy of the Bankruptcy Code supports the concept of an inclusive debtor's estate. 11 U.S.C. § 541(a); *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1983).

At the hearing on this motion, it appeared that Texaco is in possession of the property which is affected by the claim, and is drawing oil and gas. Hearing Transcript at 76–77.

■ The Bankruptcy Court's jurisdiction over the claim arises from Texaco's Chapter 11 petition for bankruptcy and Texas' filing of a proof of claim which included the damages accruing from this leasehold dispute. Texaco's Chapter 11 filing placed the debtor's estate into the "possession" of the Bankruptcy Court. *Katchen v. Landy*, 382 U.S. 323, 327, 86 S.Ct. 467, 471, 15 L.Ed.2d 391 (1965). By filing of a proof of claim Texas involved itself in "the process of allowance and disallowance of claims." *Granfinanciera v. Nordberg*, — U.S. —, —, 109 S.Ct. 2782, 2798–99, 106 L.Ed.2d 26, 51 (1989). When Texaco objected to the claim pursuant to 11 U.S.C. § 502(a), an issue was created which must be resolved under the exclusive jurisdiction of the federal court in a case under Title 11, as governed by 28 U.S.C. § 1334(d).

Bankruptcy expertise may be critical in the proper construction of Article IV.F.3 of Texaco's Chapter 11 Plan, which provides in pertinent part:

> Claims in Class 6 which are Disputed Claims and as to which an action was pending on the Effective Date against any of the Debtors, shall be determined and liquidated in the administrative or judicial tribunals in which they are pending on the Effective Date in the manner that such Disputed Claims would have

been resolved had the Reorganization Cases not been commenced. The preceding sentence shall not apply to Disputed Claims, which, if determined against the Debtor(s) in favor of the non-Debtor party to such dispute, would (i) result in the termination of any executory contract or unexpired lease to which any of the Debtors is a party, or (ii) impair or affect the ability of any of the Debtors to assume or assume and assign any executory contract or unexpired lease pursuant to Bankruptcy Code § 365, or (iii) result in the termination or relinquishment of any property interest of any of the Debtors in their respective real or personal property.

The Bankruptcy Judge ordinarily will be in the best position to evaluate the grounds asserted for abstention. See 11 U.S.C. Rule 5011(b) Advisory Committee Notes. Pursuant to Rule 5011(b), the initial hearing on this abstention motion was held before the Bankruptcy Judge, who in turn has submitted a Report and Recommendation for the District Court to review.

This Court concurs essentially in the rationale of the Report and Recommendation which is hereby adopted.

The State of Texas' motion for abstention is denied.

So Ordered.

## REPORT AND RECOMMENDATIONS REGARDING THE ABSTENTION MOTION BY THE STATE OF TEXAS

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

The Commissioner of the General Land Office of the State of Texas and the Attorney General of Texas (the "State") have moved for mandatory or discretionary abstention pursuant to 28 U.S.C. § 1334(c). The object of the State's abstention motion is a prepetition lawsuit commenced by the State against Texaco Inc. and other parties in the 229th Judicial District Court of Duval County, Texas. The State seeks the termination of Texaco's property interest in oil and gas leases on lands in Duval and Webb Counties, Texas, together with mone-

tary damages in an unliquidated amount in respect of oil and gas production, bonus payments and royalty payments.

In the Duval County litigation, the State contends that the lease covering the mineral-classified lands expired as a matter of law on May 10, 1923, exactly one year after the lease purportedly took effect. Alternatively, the State argues that a portion of the lease covering mineral-classified lands expired as a matter of law on May 10, 1927, upon the expiration of the initial primary term included in the lease. The State maintains that its leasing agent for the mineral-classified lands was without authority to execute an Extension Agreement and could not extend the primary term of the lease covering mineral-classified lands and that the Extension Agreement which was executed by the State's leasing agent in favor of Texaco Inc. is null and void. The State also alleges that because no drilling was commenced by Texaco Inc. on the mineral-classified lands covered by the lease during the original primary term of the lease, it follows that the lease expired as a matter of law on May 10, 1927.

The State further contends that the lease in question is null and void because it purported to lease mineral-classified lands with non-mineral classified privately owned lands. The State reasons that its own leasing agent could not legally combine mineral-classified lands with non-mineral classified privately owned lands in the same oil and gas lease.

The State's pending suit against Texaco Inc. and other parties was commenced on or about August 15, 1986. This action had not yet come to trial as of April 12, 1987, when Texaco Inc. and two of its subsidiaries filed with this court petitions for relief under Chapter 11 of the Bankruptcy Code. The State's pending action against Texaco Inc. was then halted by reason of the automatic stay imposed under 11 U.S.C. § 362.

The State then timely filed with this court a proof of claim and an amended proof of claim against Texaco Inc. based, in part, on the pending Duval County litigation. The State's claim includes its Duval County litigation issues and some additional charges involving an audit claim which is unrelated to the oil and gas lease which is the subject of the Duval County litigation.

Texaco Inc. duly objected to the State's claim in the Bankruptcy Court pursuant to 11 U.S.C. § 502. The parties deferred a hearing on Texaco's objections to the State's claim until after Texaco's Reorganization Plan was confirmed by the court on March 23, 1988. All undisputed claims have been paid and substantial consummation of the Plan of Reorganization has occurred.

Article IV.F.3 of the Plan of Reorganization provides that disputed claims which have not been resolved may continue to be liquidated in the judicial tribunals in which they are pending, except that this provision . . .

> [S]hall not apply to Disputed Claims, which, if determined against the Debtor(s) in favor of the non-Debtor party to such dispute, would (i) result in the termination of any executory contract or unexpired lease to which any of the Debtors is a party, or (ii) impair or affect the ability of any of the Debtors to assume or assume and assign any executory contract unexpired lease pursuant to Bankruptcy Code § 365, or (iii) result in the termination or relinquishment of any property interest of any of the Debtors in their respective real or personal property.

Texaco asserts that the State seeks to nullify Texaco's property interest in the oil and gas lease at issue in the Duval County litigation in violation of Article IV.F.3 of the confirmed Reorganization Plan which prohibits the continuation of pending litigation in nonbankruptcy tribunals if the results of such actions would cause "the termination or relinquishment of any property interest of any of the Debtors in their respective real or personal property."

## DISCUSSION

The State of Texas commenced an action against Texaco Inc. and others in Duval County, Texas on August 15, 1986, for the purpose of nullifying an oil and gas lease in which Texaco Inc. claimed a possessory and

property interest. The State's litigation was pending when Texaco Inc. and its two subsidiary corporations filed their Chapter 11 petitions with this court on April 12, 1987. The dispute between the parties was then focused in this court when the State of Texas timely filed its proof of claim with this court on January 8, 1988; which included the State's claim that the oil and gas lease at issue in the Duval County litigation had terminated and that Texaco Inc. was liable to the State of Texas for monetary damages in an unliquidated amount in respect of oil and gas production bonus payments and royalty payments. On June 15, 1988, Texaco objected to the State's proof of claim, as permitted under 11 U.S.C. § 502(a). Accordingly, this court was then required under 11 U.S.C. § 502(b) to "determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition ...".

## MANDATORY ABSTENTION

The doctrine of mandatory abstention is delineated in 28 U.S.C. § 1334(c)(2) as follows:

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

The key factor for mandatory abstention is that the proceeding must "relate" to a case under title 11, but not be one "arising in or arising under a case under title 11".

Although the State's Duval County action against Texaco Inc. does not arise under title 11, or in a case under title 11, the issues in dispute were transformed after the commencement of Texaco's Chapter 11 case into a proceeding arising under the Bankruptcy Code, in the context of a core proceeding, involving the debtor's objections to the State's claim.

The fact that the State's claim was originally asserted in a state court action, and did not arise under title 11 or in a case under title 11, and could not have been commenced in a court of the United States absent jurisdiction under the Bankruptcy Code, is of no moment. Moreover, the fact that the State's prepetition claim with respect to the oil and gas lease was based on local law referred to as the "Relinquishment Act of 1919" and that state law creates and defines the property rights of the parties, does not detract from this court's jurisdiction to determine the amount of the State's claim. There is no question that state law creates and defines property interests. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1978); *Chicago Board of Trade v. Johnson,* 264 U.S. 1, 10, 44 S.Ct. 232, 234, 68 L.Ed. 533 (1924). However, when the State filed its proof of claim and Texaco Inc. objected to its allowance, an issue was created which must be resolved under the exclusive jurisdiction of the district court in a case under title 11, as governed by 28 U.S.C. § 1334(d). Indeed, the allowances of claims filed by creditors are classified as core matters under 28 U.S.C. § 157(b)(2)(B). Accordingly, mandatory abstention is inapplicable to a core proceeding. *In re Texaco Inc.,* 77 B.R. 433, 439 (Bankr.S.D.N.Y. 1987); *In re Springer–Penguin, Inc.,* 74 B.R. 879 (Bankr.S.D.N.Y.1987).

## DISCRETIONARY ABSTENTION

Discretionary abstention is authorized under 28 U.S.C. § 1334(c)(1) as follows:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular pro-

**613**

ceeding arising under title 11 or arising in or related to a case under title 11.

The oil and gas lease in issue is claimed by Texaco Inc. as property of its estate within the meaning of 11 U.S.C. § 541. Hence, the district court has exclusive jurisdiction of all of the debtor's property, wherever located as of the commencement of the case, in accordance with 28 U.S.C. § 1334(d). The federal Bankruptcy Court should narrowly construe the doctrine of discretionary abstention when adjudicating controversies entrusted to the jurisdiction of the federal court. *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). The primary concern should be whether the federal bankruptcy objectives are properly served if the Bankruptcy Court conceded the constitutional jurisdiction to a state court. *In re Texaco*, 77 B.R. at 438.

Discretionary abstention is inappropriate in a proceeding involving the objection to a creditor's claim with respect to an oil and mineral lease claimed by a debtor. *In re L.T. Ruth Coal Co., Inc.*, 66 B.R. 753, 796 (Bankr.E.D.Ky.1986); *In re Republic Oil Corp.*, 51 B.R. 355, 358 (Bankr.W.D.Wis. 1985). Indeed, all claims against a debtor in a bankruptcy case should be resolved in conjunction with the bankruptcy case and reduced to a dollar amount, absent a compelling reason why the Bankruptcy Court should relinquish its mandate to a prepetition state court action. The mere fact that the State of Texas would prefer to litigate its claims in a Texas state court is not a compelling reason for authorizing discretionary abstention.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. Pursuant to Bankruptcy Rule 5011(b), this court reports and recommends that the State's motion for mandatory abstention under 28 U.S.C. § 1334(c)(2), or in the alternative, for discretionary abstention under 28 U.S.C. § 1334(c)(1), be denied. Mandatory abstention is inappropriate in a core proceeding and there is no compelling reason why the Bankruptcy Court should relinquish its jurisdiction to a state court for the purpose of determining a disputed proof of claim filed by a creditor in the Bankruptcy Court.

3. The Clerk shall serve forthwith a copy of this report and recommendations on the parties to this proceeding pursuant to Bankruptcy Rule 5011(b).

Dated: White Plains, New York February 27, 1989.