In re J.T. MORAN FINANCIAL CORP., J.T. Moran & Co., Inc., Moore & Schley, Cameron & Co. and Hanifen Imhoff Securities Corp., Debtors.

Duncan H. CAMERON, Virginia Cameron, Judith White, Tecklin Trust and Gloria Bernt, Plaintiffs,

v.

J.T. MORAN FINANCIAL CORP., Moore & Schley, Cameron & Co. and Securities Settlement Corporation, Defendants.

Bankruptcy Nos. 90 B 20078, 90 B 20086, 90 B 20087, 90 B 20142 and 90 ADV. 6071.

United States Bankruptcy Court, S.D. New York.

Sept. 5, 1990.

**234**

See also, Bkrtcy., 119 B.R. 447.

Nachamie Hendler & Spizz, (Arthur Goldstein, of counsel), New York City, for debtors.

Daniel J. Gallagher, Saddle River, N.J., for SDN Lenders.

## DECISION ON MOTION TO VACATE AUTOMATIC STAY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Duncan H. Cameron, Virginia Cameron, Judith White, Tecklin Trust and Gloria Bernt ("The SDN Lenders") have moved for an order for relief from the automatic stay imposed under 11 U.S.C. § 362(a) to permit them to enforce their rights to certain pledged securities by arbitration in accordance with an agreement sponsored by the New York Stock Exchange.

The SDN Lenders are limited partners and parties to an agreement with the debtor, Moore & Schley, Cameron & Co. ("MSC"), which is a New York limited partnership. Debtor, J.T. Moran & Co., Inc. ("JTM") is a wholly-owned subsidiary of the debtor, J.T. Moran Financial Corp. ("Moran"). Debtor, Moran, is the managing partner of the limited partnership, MSC.

Debtor, MSC, is engaged in the business of securities brokerage, securities trading activities and investment banking. MSC is registered with the Securities Exchange Commission and is a member of the National Association of Securities Dealers, Inc. Moran and MSC have ceased their business activities, except as required as debtors in possession under their Chapter 11 bankruptcy petitions which were filed with this court in January of 1990.

The SDN Lenders entered into Secured Demand Collateral Agreements with MSC and executed notes secured by collateral pledged to MSC. At the time of the execution of the agreements between MSC and the SDN Lenders, MSC forwarded its securities transactions through Securities Settlement Corp. ("SSC") which is a Delaware Corporation registered as a broker-dealer and member firm of the New York Stock Exchange, with offices in New York City. The SDN agreements with MSC contain provisions which provide that any controversy arising out of or relating to the agreements shall be submitted to arbitration pursuant to the rules of the New York Stock Exchange. The clearing agreement between MSC and Securities Settlement Corp. was duly disclosed to the SDN Lenders.

On January 24, 1990, Securities Settlement Corp. sold the collateral pledged by the SDN Lenders and applied the proceeds in satisfaction and discharge of debts owed by MSC or Securities Settlement Corp.

Thereafter the SDN Lenders commenced an adversary proceeding in this court on June 15, 1990, against the debtor, MSC, and Securities Settlement Corp. The Securities Settlement Corp. withdrew its consent to the jurisdiction of this court. The

SDN Lenders seek relief from the automatic stay so that they might avoid jurisdictional bifurcation against debtor, MSC, and Securities Settlement Corp. by submitting their claims for breach of contract and conversion of their collateral to arbitration under the aegis of the New York Stock Exchange, as permitted in their Secured Demand Collateral Agreements with MSC. As a member of the New York Stock Exchange, Securities Settlement Corp. is required to submit securities trading disputes to arbitration under the rules of the New York Stock Exchange.

Pursuant to the Secured Demand Collateral Agreements between the SDN Lenders and the debtor, MSC, the SDN Lenders retained full legal and beneficial ownership of the collateral pledged by the SDN Lenders, subject to the prior rights of MSC and Securities Settlement Corp., as pledgees, to liquidate the collateral and apply the proceeds to the payment of the notes executed by the pledgors if the notes were not paid upon presentment and demand as provided in the notes. The SDN Lenders allege that there was no presentment and demand within the meaning of the provisions in the notes. Additionally, the SDN Lenders assert that there were no defaults in respect of the capital maintenance tests in the agreements between the parties. Accordingly, the SDN Lenders charge that the debtor, MSC, and Securities Settlement Corp. violated their fiduciary duties and improperly converted the pledged collateral. Among other relief sought by the SDN Lenders, they demand damages from MSC and Securities Settlement Corp. The adversary complaint also claims the imposition of a constructive trust; rescission of the Secured Demand Collateral Agreements; and an accounting.

## DISCUSSION

### Relief From the Automatic Stay

The SDN Lenders contend that they should be allowed to submit their claims against the debtor to arbitration under the aegis of the New York Stock Exchange because this court does not have jurisdiction over the co-defendant, Securities Settlement Corp., thereby preventing the claimants from obtaining complete relief in this court against both the debtor, MSC, and the nondebtor, Securities Settlement Corp.

■ Manifestly, under § 3 of the Federal Arbitration Act, 9 U.S.C. § 3, there is a federal policy favoring arbitration where the parties previously entered into agreements which require that all disputes under such agreements should be resolved by arbitration. *Shearson/American Express v. McMahon,* 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). A trustee in bankruptcy or a debtor in possession is bound by a prepetition agreement to arbitrate. *Hays and Company v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 885 F.2d 1149 (3rd Cir.1989). However, the SDN Lenders did not rely solely upon the arbitration clause in their agreement. They also filed proofs of claims in this court with respect to their damage claims against the debtor, MSC.

The plaintiffs, SND Lenders, concede that this court has jurisdiction to determine their claims against the debtor, MSC. Indeed, by filing proofs of claims against the debtors and by commencing an adversary proceeding against the debtors, the plaintiffs have consented to the jurisdiction of this court with respect to their claims against the debtor. *See Granfinanciera v. Nordberg,* — U.S. —, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). The filing of a proof of claim against a debtor is part of the process of allowance and disallowance of claims which is integral to the restructuring of debtor-creditor relations. *Granfinanciera v. Nordberg,* 109 S.Ct. at 2797, 2799. Nevertheless, the plaintiffs reason that the proper forum for the determination of their claims against the debtor would be in an arbitration proceeding under the aegis of the New York Stock Exchange.

The gist of the plaintiffs' claims is that the Securities Settlement Corp. unlawfully converted collateral which the plaintiffs pledged to the debtor. Although Securities Settlement Corp. was not a party to the agreements with the debtor, it can be com-

pelled to arbitrate the provisions of the plaintiffs' agreements with the debtor, MSC. The plaintiffs conclude that the automatic stay imposed under 11 U.S.C. § 362 should be modified so as to compel the debtor to participate in an arbitration proceeding with respect to the plaintiffs' claims because their agreements with the debtor call for arbitration of disputes under such agreements. The plaintiffs contend that the agreed arbitration method should be allowed by this court because the pledged collateral is beneficially owned by them and is not property of the debtor's estate.

That the pledged collateral might not now qualify as property of the debtor's estate and the sale of the collateral by Securities Settlement Corp. might have extinguished any interest in the collateral that the debtor may have had prior to such sale, are factors which do not determine a request for stay relief. The complaint in the adversary action and the proofs of claims filed by the SDN Lenders against the debtors seek damages as well as the imposition of a constructive trust and a return of the pledged collateral. The debtor cannot be compelled to return property to the plaintiffs which it no longer possesses. *See Maggio v. Zeitz,* 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476 (1948). However, the debtor may be responsible for monetary damages in favor of the plaintiffs. While the plaintiffs also seek to recover from Securities Settlement Corp. as the active participant in the liquidation of the pledged collateral and the recipient of the proceeds from the sale, the plaintiffs cannot disregard the fact that they seek to collect monetary damages from the debtor.

■ The plaintiffs are free to proceed in arbitration against Securities Settlement Corp. with respect to the latter's active participation in the sale of the pledged collateral and the receipt of the proceeds from the sale. However, to the extent that the plaintiffs seek to recover damages against the debtors, either by reason of their filed proofs of claims or by means of the pending adversary proceeding in this court, such damage claims should be determined as part of the process of allowance and disallowance of claims within the core jurisdiction of this court, as reflected in 28 U.S.C. § 157(b)(2)(B).

If the debtor is answerable to the plaintiffs for monetary damages resulting from the sale by Securities Settlement Corp. of the collateral pledged by the plaintiffs, such damages can be expeditiously determined and allowed by this court as part of the debtor's pending Chapter 11 case. There is no reason why the debtor should be compelled to submit to a separate arbitration proceeding beyond the jurisdiction of the Bankruptcy Code because another entity may have improperly conducted a liquidation of collateral sale for which such entity may be compelled to arbitrate with the plaintiffs and may be held liable to the plaintiffs independently of any conduct on the part of the debtor.

Although the plaintiffs, SDN Lenders, argued for relief from the automatic stay and did not address the issue of abstention, a reference to the subject of abstention is also appropriate. When the plaintiffs filed their proofs of claims with respect to the sale of their pledged collateral, they accordingly submitted the issues with respect to their claims to the exclusive jurisdiction of the district court in a case under title 11, as governed by 28 U.S.C. § 1334(d). Because the process of determining allowed claims is classified as a core matter under 28 U.S.C. § 157(b)(2)(B), mandatory abstention is inappropriate in such matters. *In re Texaco Inc.,* 109 B.R. 609 (S.D.N.Y.1989). Additionally, the plaintiffs have not submitted or established any basis for the exercise of the concept of discretionary abstention, as authorized under 28 U.S.C. § 1334(c)(1).

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. The plaintiffs' request for relief from the automatic stay in order to compel the debtor to participate in an arbitration pro-

ceeding authorized under the plaintiffs' agreements with the debtor is denied.

3. To the extent that the plaintiffs seek to recover for the loss of their pledged collateral because of conduct on the part of Securities Settlement Corp., they are not restricted by the automatic stay from seeking to compel Securities Settlement Corp. to submit to arbitration with respect to such conduct.

SETTLE ORDER ON NOTICE.