In re Diana M. ROBB, Debtor.

**INTERNATIONAL FIDELITY
INSURANCE COMPANY,
Plaintiff,**

v.

**Diana ROBB, Defendant.**

**Bankruptcy No. 90 B 20072.
No. 91 ADV. 6712.**

United States Bankruptcy Court,
S.D. New York.

May 6, 1992.

Costa and McKay & Donnelly, Valley Cottage, N.Y., for debtor and defendant.

Stein, Zauderer, Ellenhorn, Frischer & Sharp, New York City, for plaintiff.

DECISION ON MOTION TO DISMISS FIRST AND SIXTH CLAIMS FOR RELIEF CONTAINED IN COMPLAINT AND ORDER FOR MANDATORY OR DISCRETIONARY ABSTENTION WITH RESPECT TO THIRD, FOURTH, FIFTH AND SIXTH CLAIMS IN COMPLAINT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Chapter 13 debtor, Diana M. Robb, has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012 to dismiss the first and sixth claims for relief con-

tained in the complaint filed by International Fidelity Insurance Company ("International") on the ground they fail to state a claim. The debtor also requests an order for mandatory or discretionary abstention pursuant to 28 U.S.C. § 1334(c)(2) or (c)(1), respectively, as to the third, fourth, fifth and sixth claims in International's complaint.

## FACTUAL BACKGROUND

The debtor, Diana Robb, filed with this court a petition for relief under Chapter 13 of the Bankruptcy Code on January 26, 1990. Her ex-husband, Gerald Robb, is not a debtor in this court.

On June 23, 1982, Gerald Robb and the debtor Diana M. Robb acquired title as tenants by the entirety to real property located at 209 East Erie Street, Blauvelt, New York. This property consists of two lots. On one lot is a commercial building which is referred to in the plaintiff's first and second claims for relief. The other lot, which is the marital residence, is the subject of the plaintiff's fifth and sixth claims for relief.

On December 2, 1983, Gerald Robb and the debtor Diana Robb acquired title as tenants by the entirety to real property located at 72 Hickory Street, Blauvelt, New York.

On March 9, 1982, Gerald Robb and the debtor Diana Robb acquired title as tenants by the entirety to real property located at North Greenbush Road, Blauvelt, New York.

In the fall of 1984, Diana Robb commenced an action in the New York State Supreme Court for divorce against Gerald Robb.

On February 9, 1989, the plaintiff obtained a state court order of attachment in an action against the debtor's husband, Gerald Robb, and other defendants.

On March 21, 1990, Gerald Robb and debtor Diana Robb executed a separation agreement which provided for the distribution of their marital assets.

The terms of the separation agreement, among other things, requires: (1) that Gerald Robb shall transfer and assign all of his right, title and interest in and to the "marital abode" at 209 East Erie Street, Blauvelt, New York to Diana Robb free and clear of any liens or judgments, and all real estate taxes, and (2) the properties which are the subject of the third and fourth claims are to be sold and the agreement makes certain express provisions for the disposition of the proceeds of the sale as between the parties thereto.

The plaintiff, International, alleges that by virtue of deeds executed by Gerald Robb, it became a tenant in common with the debtor in the properties at 72 Hickory Street, Blauvelt, New York and Greenbush Road, Blauvelt, New York.

On April 3, 1990, the bankruptcy court issued an order approving the sale of the commercial building and lot located at 209 East Erie Street, Blauvelt, New York.

On April 19, 1990, a judgment of the New York State Supreme Court was entered divorcing Gerald Robb and Diana Robb.

The judgment of divorce incorporated by reference the separation agreement and contains a provision which states that "the parties are hereby directed to comply with every legally enforceable term and provision of such Separation Agreement, as if such term or provision were set forth in its entirety herein...."

On June 11, 1990, the closing for the sale of the commercial property at 209 East Erie Street, Blauvelt, New York was held. The same day, on June 11, 1990, the bankruptcy court issued an order providing for distribution of the proceeds of the sale of the commercial property.

On June 25, 1990, the bankruptcy court issued an order modifying the previous order of June 11, 1990 providing for distribution of proceeds. The order also reduced the fee claimed by the Chapter 13 trustee.

On September 19, 1991, the plaintiff recorded three deeds in the office of the Rockland County Clerk from Gerald Robb to International for all of his right, title and interest to the three parcels of real property which he made in accordance with

the terms of the stipulation of settlement agreement. One of the deeds related to the marital residence which Gerald Robb previously deeded to the debtor.

## The Complaint

The plaintiff asserts six claims for relief in its adversary proceeding. The first claim seeks an order setting aside or modifying the June 11 and June 25 orders of the bankruptcy court on the grounds that they were obtained by fraud. The plaintiff's second cause of action, against which the debtor has not moved, seeks damages of not less than $125,000.00 as a result of the defendant-debtor's fraudulent conduct. The third and fourth claims for relief seek a partition and sale of 72 Hickory Street and Greenbush Road, respectively. The fifth claim is for a declaration that plaintiff retains its lien against a fifty percent undivided interest in the residential property. The sixth claim for relief requests a judicial sale of the residential property, or in the alternative, credit for one-half of the value of that property, with such credit being applied toward the allocation of proceeds from the sales of 72 Hickory Street and Greenbush Road.

The debtor has moved to dismiss the first and sixth claims for failure to state a claim. She also requests that the court enter an order of mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) or, alternatively, an order for discretionary abstention under 28 U.S.C. § 1334(c)(1) with respect to the third, fourth, fifth and sixth claims for relief. The debtor does not contest the court's power or the legal validity of the plaintiff's second claim for relief for damages.

## DISCUSSION

### First Claim

The plaintiff asserts that the debtor and her attorney fraudulently obtained the plaintiff's consent to release its attachment lien against the commercial property which the debtor and her former husband owned, with the result that this court's distribution orders dated June 11 and June 25, 1990, which were based on the plaintiff's con-

sent, should be modified. The alleged fraudulent conduct relates to a proposed consent order of distribution which the debtor's attorney served on the plaintiff with respect to the use of sales proceeds to satisfy certain lien claims which were senior to the plaintiff's position. The debtor's attorney never submitted that order to the court. Instead, he filed a materially different proposed order of distribution that was never served on the plaintiff and which was signed by this court on June 11, 1990. The June 11, 1990 order failed to provide for the use of the proceeds from the sale of the commercial property owned by the debtor and her former husband, Gerald Robb, in satisfaction of claims which were senior to the plaintiff's claim. Additionally, the modification order of June 25, 1990, which was also not served on the plaintiff, provided for the satisfaction of certain claims which were junior to the plaintiff's claim.

The debtor argues that the plaintiff has no claim against the debtor's interest because the plaintiff merely has a lien claim against the debtor's former husband's interest. Therefore, the debtor argues that the plaintiff has no standing to seek a modification of the court's June 11 and June 25 orders on grounds of fraud. The debtor reasons that the distribution orders do not affect or impair the plaintiff's rights and claims as a lienholder against Gerald Robb's interest in the property sold. Therefore, the debtor concludes that because the plaintiff is not her creditor, and the plaintiff has no standing to seek a modification of the distribution orders with respect to her estate, it follows that the first claim fails to state a claim upon which relief can be granted.

The debtor overlooks the fact that not only was her interest in the property in question sold as a result of this court's approval of the sale, as reflected in the June 11 and June 25, 1990 orders, but additionally, the plaintiff's lien interest in the property was also abridged with the apparent consent of the plaintiff. The first claim in the complaint asserts that the plaintiff's consent to the sale of the property in which the plaintiff had a lien interest

was obtained as a result of fraudulent conduct on the part of the debtor's attorney. Manifestly, the plaintiff's rights were affected by its consenting to a proposed order of sale other than the one that the debtor's attorney actually submitted to this court.

The plaintiff maintains that its consent to the sale of the commercial property was obtained by the fraudulent conduct of the debtor's attorney. It relied upon the proposed order prepared by the debtor's attorney which was never submitted to this court for approval. As a result, a mortgage and unpaid taxes which were to be satisfied from the proceeds of sale continue to prime the plaintiff's interest in 72 Hickory Street. Additionally, unpaid taxes encumbering the Greenbush Road property were not satisfied with the proceeds of sale and creditors of Gerald Robb who were inferior to the plaintiff's attachment lien were paid from the distribution proceeds. Accordingly, the plaintiff should be permitted to prove that its consent to the sale of the commercial property adversely affected its lien rights and that its consent to the sale was obtained as a result of the alleged fraudulent conduct on the part of the debtor's attorney.

It is sufficient for purposes of this determination that the first claim in the complaint states a claim for which relief may be granted because it cannot be said with certainty that no set of facts could be proven at the trial which would entitle the plaintiff to any relief as to the first claim. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Dioguardi v. Durning*, 139 F.2d 774 (2d Cir.1944); *Trans World Airlines, Inc., et al. v. Texaco, Inc.*, (*In re Texaco*) 81 B.R. 813 (Bankr.S.D.N.Y. 1988).

The first claim in the complaint states a sufficient claim for fraud. Therefore, the debtor's motion to dismiss this claim for failing to state a claim must be dismissed.

### The Sixth Claim

■ The plaintiff alleges that it is entitled to a declaration that it retains its attachment lien against a fifty percent undivided interest in the residential property, as sought pursuant to its fifth claim. On this basis, the plaintiff asserts in the sixth claim that the court should direct a judicial sale of the residential property in order to satisfy its lien. In the alternative, the plaintiff contends that it should receive credit for one-half of the value of the residential property, with such credit being applied toward the allocation of proceeds from the sales of the properties located at 72 Hickory Street and Greenbush Road.

■ A trustee or a debtor in possession may sell property of the estate in accordance with the express terms delineated in 11 U.S.C. § 363. Additionally, under certain conditions authorized by the court, "an interested creditor has standing to sue to require compliance with the Bankruptcy Code when the trustee has refused to act to protect *creditors'* interests." *Community National Bank and Trust Co. of New York v. Persky*, 893 F.2d 15, 18 (2d Cir. 1989) (emphasis added). In the instant case, the plaintiff is an attachment lien creditor of Gerald Robb, the nondebtor former husband of the debtor. The plaintiff is not a creditor of the debtor in this case. Hence, there is no authority under the Bankruptcy Code for entities which are not creditors of the debtor in possession to obtain an order directing the sale of the debtor's residence to satisfy a lien against a nondebtor cotenant's interest in the residence.

■ Similarly, there is no authority under the Bankruptcy Code for a determination of the value of an entity's lien against a nondebtor for the purpose of applying such value as a credit against proceeds received by the estate from the sale of estate interests. Therefore, the plaintiff's sixth claim in its complaint fails to state a claim for which relief may be had, and shall be dismissed.

### Abstention—Third, Fourth and Fifth Claims

In the third claim, the plaintiff alleges that it owns a fifty percent undivided interest as a tenant in common with the debtor

in the property at 72 Hickory Street, or in the alternative, it retains a lien against Gerald Robb's fifty percent undivided interest in that property. The same allegation is asserted in the fourth claim with respect to the property located on Greenbush Road. The plaintiff seeks an order directing the sale of these properties and thereafter allocating to the plaintiff its share of the proceeds. The fifth claim involves the debtor's residence. The plaintiff seeks a judgment declaring that it retains its lien against a fifty percent undivided interest in the residential property.

■ By summons and complaint dated June 11, 1991, more than one year after the commencement of the debtor's Chapter 13 case, the plaintiff commenced a state court action against the debtor for a judgment declaring that the plaintiff was a fifty percent owner of the residential property. The plaintiff also requested partition and or sale of the property. This state court action violated the automatic stay imposed under 11 U.S.C. § 362(a) because the plaintiff never obtained from this court an order for relief from the automatic stay.

■ Mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) is inappropriate because this provision requires abstention "if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." *Id.* It is well settled that actions in violation of the automatic stay are void and of no effect. *Phoenix Bond & Indemnity Co. v. Shamblin (In re Shamblin)*, 890 F.2d 123, 125 (9th Cir. 1989); *In re General American Communications Corp.*, 130 B.R. 136, 148 (S.D.N.Y.1991) (no pending state court action existed because post-petition state court suit was void *ab initio*). Accordingly, the plaintiff's pending post-petition state court action against the debtor must be disregarded. Therefore, the debtor has failed to establish the prerequisite pending state court action to satisfy the requirements for mandatory abstention. "[A] pending state court action in an appropriate forum is an essential element for mandatory abstention under 11 U.S.C.

§ 1334(c)(2)...." *In re Kolinsky*, 100 B.R. 695, 704 (Bankr.S.D.N.Y.1989).

■ Permissive abstention is also inappropriate in this case. Discretionary abstention is authorized "in the interest of comity with State courts or respect for State law...." 28 U.S.C. § 1334(c)(1). After a federal court's jurisdiction attaches to a case, the movant must show exceptional circumstances to warrant discretionary abstention. *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir.1986); *General American Communications*, 130 B.R. at 147.

Not only are there no exceptional circumstances or unsettled questions of state law in the instant case, but the issues raised in the complaint involve core matters. The third and fourth claims in the complaint seek the sale of property of the estate. The fifth claim deals with the debtor's residence where she claims exclusive ownership of the fee. The determinations of the validity, extent or priority of liens are core matters in accordance with 28 U.S.C. § 157(b)(2)(K). *In re River Princess Corp.*, 126 B.R. 837 (Bankr.S.D.N.Y.1991); *In re Grossinger's Associates*, 115 B.R. 449 (Bankr.S.D.N.Y.1990). Similarly, the sale of property of the estate involves the administration of the estate and is a core matter in accordance with 28 U.S.C. § 157(b)(2)(A). *Liberty Music and Video, Inc.*, 50 B.R. 379, 384 n. 6 (S.D.N.Y.1985).

■ Not only is mandatory abstention inapplicable to core proceedings, *In re Texaco, Inc.*, 109 B.R. 609, 612 (S.D.N.Y.1990), but discretionary abstention is also inappropriate in core proceedings which could and should be determined by the bankruptcy court. *In re Stanton*, 121 B.R. 438, 441 (Bankr.S.D.N.Y.1990). The debtor has presented no exceptional circumstances why this court should abstain from determining the issues raised in the third, fourth and fifth claims.

Moreover, it ill behooves the debtor to request this court to abstain from resolving the issues raised by the complaint. The debtor invoked the jurisdiction of the bankruptcy court with respect to all matters concerning property of the estate. As a

result, the plaintiff and all other parties are automatically stayed pursuant to 11 U.S.C. § 362(a) from commencing any litigation against the debtor other than in this forum. There is no valid pending state court action which may determine the issues in the complaint, nor may the plaintiff commence an action against the debtor in the state court without relief from the stay. Therefore, the debtor may not have it both ways, by obtaining an abstention order from this court and at the same time being sheltered by the protection from litigation as a result of the automatic stay. Because the plaintiff's claims against the debtor are stayed from being litigated in a state court, absent relief from the automatic stay, there is no equitable reason why the court should exercise its discretion and grant the debtor's motion for abstention as to the plaintiff's claims in this court.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with § 157(b)(2)(A) and (K).

2. The debtor's motion to dismiss the first and sixth claims in the complaint pursuant to Fed.R.Civ.P. 12(b)(6) and Fed. R.Bankr.P. 7012 for failing to state a claim for relief is denied as to the first claim, and granted as to the sixth claim.

3. The debtor's motion for mandatory or discretionary abstention pursuant to 28 U.S.C. § 1334(c)(2) or (c)(1) as to the third, fourth and fifth claims is denied.

SETTLE ORDER on notice.